IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **GREAT AMERICAN INSURANCE COMPANY**, an Ohio corporation,<br><br>      **Plaintiff,**<br><br>v.<br><br>**EDWARD D. JACKSON, dba JSI Motors, individually and an assumed business name, et al.,**<br><br>      **Defendants** | 3:16-cv-02016-BR<br><br>**OPINION AND ORDER** |

**H. LEE COOK**
H. Lee Cook Law, LLC
4207 S.W. Woodstock Blvd.
Suite 423
Portland, OR 97206
(503) 719-4529

      Attorney for Plaintiff

**BROWN, Judge.**

This matter comes before the Court on Plaintiff's Motion (#78) for Award of Attorney Fees and Bill of Costs (#81) against Defendant Edward D. Jackson. For the reasons that follow, the

1 - OPINION AND ORDER

Court **GRANTS** Plaintiff's Motion and **AWARDS** Plaintiff attorneys' fees of **$22,776.00** and **COSTS** in the amount of **$1,590.37**.

## BACKGROUND

Plaintiff is an Ohio corporation authorized to post surety bonds and to transact business in Oregon.

On April 19, 2016, Plaintiff Great American Insurance Company posted an Oregon Motor Vehicle Bond in the amount of $40,000.00 with the State of Oregon on behalf of Defendant Jackson, dba JSI Motors, Inc. The bond was required pursuant to Oregon Revised Statutes § 822.030 in order for Jackson to obtain a motor-vehicle certificate to conduct an automobile sales business in Oregon. Jackson signed the Surety Bond Agreement. The bond was effective beginning April 19, 2016, but was cancelled on September 7, 2016.

Eleven individuals and companies asserted claims against Jackson that arose during the bond period. The total claims exceeded the face amount of the bond.

On October 19, 2016, Plaintiff filed an Interpleader Complaint in this Court to resolve the competing claims made against the bond. Plaintiff named Jackson as a defendant and, pursuant to the terms of the bond, asserted a claim of indemnity

for all costs and expenses (including attorneys' fees) that were incurred by Plaintiff as a consequence of posting the bond and paying the claims against Jackson. Jackson was personally served with Summons and Complaint, but he failed to answer or otherwise to appear within the time required.

On August 2, 2017, the Court granted Plaintiff's Motion for Default and issued an Order of Default against Jackson.

On November 9, 2017, the Court entered Default Judgment in the amount of $40,000.00 against Jackson in favor of Plaintiff.

## DISCUSSION

### I. Motion for Award of Attorneys' Fees

#### A. Plaintiff is entitled to reasonable attorneys' fees.

The Surety Bond posted on behalf of Jackson provides:

> In consideration of the execution, renewal or continuation by the Surety of the Bonds, the Undersigned, jointly and severally, agree . . . [t]o indemnify the Surety against all loss, liability, costs, damages, attorney's fees and expenses whatever, which the Surety may sustain or incur by reason of executing the Bonds, in making any investigation on account thereof, in prosecuting or defending any action which may be brought in connection therewith, in obtaining a release therefrom, and in enforcing any of the agreements herein contained.

Accordingly, based on this contractual agreement between the parties, the Court concludes Plaintiff is entitled to recover reasonable attorneys' fees.

3 - OPINION AND ORDER

**B. Plaintiff is entitled to attorneys' fees in the amount of $22,706.00**.

**1. Standards**

The Supreme Court has stated under federal fee-shifting statutes that "the lodestar approach" is "the guiding light" when determining a reasonable fee. *Perdue v. Kenny A.*, 559 U.S. 542, 551 (2010). Under the lodestar method the court first determines the appropriate hourly rate for the work performed and then multiplies that amount by the number of hours properly expended in doing the work. *Id.* Although "in extraordinary circumstances" the amount produced by the lodestar calculation may be increased, "there is a strong presumption that the lodestar is sufficient." *Id.* at 556. The party seeking an award of fees bears "the burden of documenting the appropriate hours expended in the litigation, and [is] required to submit evidence in support of those hours worked." *United Steelworkers of Am. v. Ret. Income Plan For Hourly-rated Emps. Of Asarco, Inc.*, 512 F.3d 555, 565 (9th Cir. 2008)(quotations omitted). When "determining the appropriate number of hours to be included in a lodestar calculation, the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009)(quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

To determine the lodestar amount the court may consider the following factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) any time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Fischel v. Equitable Life Assur. Soc'y of U.S.*, 307 F.3d 997, 1007 n.7 (9th Cir. 2002)(quotation omitted). A rote recitation of the relevant factors is unnecessary as long as the court adequately explains the basis for the award of attorneys' fees. *McGinnis v. Kentucky Fried Chicken of Cal.*, 51 F.3d 805, 809 (9th Cir. 1995).

The lodestar amount is presumed to be the reasonable fee, and, therefore, "'a multiplier may be used to adjust the lodestar amount upward or downward only in rare and exceptional cases, supported by both specific evidence on the record and detailed findings by the lower courts.'" *Summers v. Carvist Corp.*, 323 F. App'x 581, 582 (9th Cir. 2009)(quoting *Van Gerwen v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000)). "Adjustments [to the lodestar amount] must be carefully tailored . . . and [made] only to the extent a factor has not been

5 - OPINION AND ORDER

subsumed within the lodestar calculation." *Rouse v. Law Offices of Rory Clark*, 603 F.3d 699, 704 (9th Cir. 2009)(citing *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 982 (9th Cir. 2008)).

### 2. Time Spent in Connection with Representing Plaintiff in this Action.

Plaintiff seeks to recover attorneys' fees for the time Attorney H. Lee Cook spent in handling this interpleader action on behalf of Plaintiff. The hourly billing records for the services were submitted with the Declaration of H. Lee Cook (#80). Those records reflect a total of 87.60 hours spent in investigating the facts of the case, analyzing all of the claims submitted by various parties, drafting the Interpleader Complaint and service documents for the eleven named Defendants, corresponding with Plaintiff and other parties and/or their attorneys, preparing pleadings to deposit funds with the Court, preparing summary-judgment motions as to certain claims, consulting with the parties who ultimately resolved their claims, preparing default documents for several Defendants, preparing the Motion for Entry of Judgment, and preparing this Motion for attorneys' fees.

Counsel requests an hourly rate of $260.00 for attorney time. Even though Jackson has not appeared in this action and, therefore, has not objected, the Court has an independent duty to review a motion for attorneys' fees for reasonableness. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992). *See also Cruz*

6 - OPINION AND ORDER

*v. Alhambra Sch. Dist.*, 282 F. App'x 578, 580 (9th Cir. 2008)(The district court has an "obligation to articulate . . . the reasons for its findings regarding the propriety of the hours claimed or for any adjustments it makes either to the prevailing party's claimed hours or to the lodestar.").

On this record the Court finds the amount of time spent by Plaintiff's attorneys on this matter is reasonable in light of the number of defendants and claims involved in this case. Accordingly, the Court awards Plaintiff 87.60 hours of attorney time incurred in connection with the prosecution of this action.

**3. Hourly Rate for Attorneys' Fees.**

To determine the reasonable hourly rate of an attorney, this Court uses the most recent Oregon State Bar Economic Survey published in 2017 as its initial benchmark. Attorneys may argue for higher rates based on inflation, specialty, or any number of other factors. The rates set out by the Oregon State Bar Economic Survey for an attorney with years of practice comparable to Plaintiff's counsel are between $250 and $560 per hour. The rate sought by Plaintiff's counsel is $260 per hour, which is within the compensation tables of the Economic Survey.

In the exercise of its discretion, the Court, therefore, concludes the hourly rate of $260 for Plaintiff's attorney hours is reasonable.

Accordingly, the Court awards Plaintiff attorneys' fees of $22,776.00.

## II. Bill of Costs

Plaintiff filed a Bill of Costs (#81) requesting an award of costs in the amount of $1,590.37 comprised of the $400 fee to file this action and $1,190.37 in service fees to accomplish service of the Summons and Complaint on Defendants, including service by publication.

Absent a showing of circumstances not relevant here, an award of costs is governed by federal law. *See Champion Produce, Inc. v. Ruby Robinson Co., Inc.*, 342 F.3d 1016, 1022 (9th Cir. 2003).

28 U.S.C. § 1920 allows a federal court to tax specific items as costs against a losing party pursuant to Federal Rule of Civil Procedure 54(d)(1). Section 1920 provides:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation for court-appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title.

> A bill of costs shall be filed in the case and,
> upon allowance, included in the judgment or
> decree.

Costs generally are awarded to the prevailing party in a civil action as a matter of course unless the court directs otherwise. Fed. R. Civ. P. 54(d). The court must limit an award of costs to those defined in 28 U.S.C. § 1920 unless otherwise provided for by statute. *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579-80 (9th Cir. 2010). The Court finds the costs sought by Plaintiff are specifically allowed under § 1920.

Accordingly, the Court awards costs to Plaintiff in the amount of **$1,590.37.**

## CONCLUSION

For the reasons stated, the Court **GRANTS** Plaintiff's Motion (#78) for an Award of Attorney Fees and Bill of Costs against Defendant Edward D. Jackson and **AWARDS** Plaintiff attorneys' fees in the amount of **$22,776.00** and costs of **$1,590.37**.

IT IS SO ORDERED.

DATED this 30th day of January, 2018.

/s/ Anna J. Brown

ANNA J. BROWN
United States Senior District Judge

9 - OPINION AND ORDER